Please rise. The score is now in session. Please be seated. Madam Clerk, will you spell the case? 3-0-9-1-0-4-6, Randy Vogel, D.D.A., Duprene-Gay, Appellant Dick Williams v. Roger Warner, et al., Appellee Williams-Metcalf. Williams-Metcalf. Please proceed. Thank you. May it please the Court, Counsel? My name's Dick B. Williams. I'm here on behalf of my client, Mr. Marty Vogel. This case deals with a crane. My client was, he was, he had a girlfriend, aged two, and through his fiancée, was able to get a financing for a crane. Mr. and Mrs. Warner helped Mr. Vogel purchase a crane. And Mr., after Mr. Vogel and Miss, the Warner's daughter were no longer engaged anymore, Mr. Roger Warner and Connie Warner, who were the, they were the, in their own right and also as officers of T&W Irrigation, repossessed this crane. The thing is, from the start, my client, Mr. Vogel, picked out the crane. He paid a $6,000 down payment on the crane. He made every single payment on the crane. He believes there was an agreement to do, he did everything within his agreement with the Warners that he was supposed to do. And when this crane was repossessed, it pretty much put him out of business. And my client believes he has a regular conversion to this crane, that the Warners took the crane without a legal right to do so. Now, what the defendant has stated is that Mr. Vogel had no right to this crane. But as the facts show, the crane was in his possession as they were stipulated. There was a request to admit, as the facts showed after stipulations, that Mr. Vogel made, always had possession of this crane. Picked it out. He went to Boston, Massachusetts, picked out the crane, used it for his business. And we believe that what it comes down to is the Warners think they have always had more of a right to the crane than my client did. But we believe that ownership isn't the final say on this, that there are a lot of factual findings that need to be made before we can determine whether or not who had more of a right. I cited a case, and there's also another case I found, Geis v. Sentinel Technologies, 228 Illinois Decisions 483, which says that the proper plaintiff in a conversion case is any person who has an immediate right to possession of personal property, regardless of whether that person actually owns title to the property. So we believe that there were no findings of fact by the Honorable Judge Shore. There was no trial. He found on the motion for summary judgment that my client, that the Warners had a right to repossess the crane. Mr. Williams, was this that Geis case, the one you just cited? Yes. Is that again for you? No, it's not. Okay. I did some additional research right before I told you I'm going to rule it out. You have a nice big library. Do you want to say something about what Mr. Newbell responded to? Yeah. If you want to file that case, you can do something in about seven days, and I'll let the other side respond to it. Okay. I appreciate that. The other... I'm sorry. I can use seven days counsel to respond to that case. The other reason... In other words, file something within seven days with regard to that one case you're talking about, and your argument with regard to that case and the other side get seven days to respond. Okay. Okay? Thank you. The other reason Mr. Midd, the Honorable Judge Schor dismissed the case was because the contract was a verbal contract and was a contract for more than $500 and had, according to Judge Schor, the statute of frauds would... It had to be a written contract. And we believe that, and I stated this in my brief, that 810 ILCS 52-2013B states a contract which does not satisfy the requirement of subsection 1 but which is valid in other respects as enforceable if the party against whom the enforcement submits its pleadings, testimony, or otherwise in court that a contract for sale was made. But that contract is not enforceable under the provisions beyond the quantity of goods emitted. And with respect to goods for which payment has been made and accepted or for which has been received and accepted, in this case, there was... Even though the terms of what the contract were are different, there was an acknowledgment that there was an agreement that my client would be allowed to have this crane. And we believe, by the pleadings in the case, it has well been established that there was some kind of verbal agreement and that the statute of frauds should not apply in this case. Now, Mr... In this agreement, I mean, are you saying that what they were getting out of it was not that your client would stay engaged or married to their daughter? I mean, what is it that they're getting out of it? I mean, what were the terms? The terms of the contract are that my client was able to use the crane and I don't have the exact part here, but I thought it was alleged that my client did help the warners out. He worked on... They have a business. He worked at their place. I'm not sure if he... In their irrigation business or their... Yes. He did help out with a few things. Whenever they asked him for help, he would help them with different things at their business. The defendant has made two arguments in response to my argument, and one of them is that I have to prove... I have to plead all the elements for conversion, and I'm still trying to figure out which one I've left out. I think I have pled every element of conversion. I believe in paragraphs 11 and 12, I stated the plaintiff has a right to the property in paragraph 12. It was alleged that the plaintiff had an immediate and unconditional right to the immediate possession of the property. Paragraph 13, that we made demand for the possession of said property, and in paragraph 15, that the defendants wrongfully and without authorization assumed dominion or ownership of the property. So I believe I've alleged everything in the pleadings that need to be alleged. That's another point I wanted to make. And the other argument that the defendant has made is that it has to be a sale. I believe I'm... maybe I'm misinterpreting his argument, but that without some kind of fact showing a sale, that we have no right to possession of the crime. And I believe whether it's a sale or a lease or a bailment or whatever, the bottom line, what's material is whether or not my client had the right to possession of that property, and we believe that at the very least, we should have been able to have a trial to determine the facts to see if we had... whether my client had a right to that crime, but there was never any kind of findings in the law. I mean, the findings of facts never give me a chance to have a trial on this case, and I believe I don't have anything further to say unless somebody has a question. Thank you. Thank you, counsel. Please record, counsel. If we look at the pleadings of this case, we see that it started out with a good, clever complaint, and I think when the plaintiff realized he had to recover up the strength of his own title, then that went by the wayside. So then five complaints later, we're here on a motion for summary judgment directed against the plaintiff's Fifth Amendment complaint. As I read the complaint, there's six counts, three have been opportune advantages, the other three are identical against the three defendants, and it ties in conversion. So if they are in fact in conversion, I don't know why we're arguing about a contract. We're talking about, and it's brief here, whether or not there was a contract. I addressed it because he addressed it, but I don't really think he pled a contract action in his complaint. If he did, fine, we'll address that. We very carefully responded to his request to admit early on. We could have played games with it and either admitted or denied. We just hit it right up front. There was an agreement. We'll buy a crane. They bought a crane. We'll finance it. They financed it, and you can use it and maybe make a living with it while you're living with our daughter. When that ceases to happen, we're taking it back, or you buy it. He didn't either. They took it back, and that's why we're here. So it's obvious from the motion for summary judgment that the Warners owned the crane. They owed $100,000, and they owned the crane. And when Mr. Warner wasn't willing, Mr. Warner, Mr. Fogle wasn't willing to purchase the crane, they weren't willing to let him keep using it. They took the liability both for the crane being used, for the fact that the collateral could be destroyed, and they would be responsible on the note. So they took the crane back. I do think that the complaint does not allege all the elements of conversion. If you look at the complaint itself, he has some conclusions in there, but the conclusions are the reason I think the judge granted the motion for summary judgment, because what we allege in the summary judgment completely refutes the allegations of the complaint as far as the conversion allegations, and for that reason I think the judge found no material issue of fact, no genuine issue of material fact. There is a disagreement based on the affidavits and pleadings about the terms of the agreement, though. Oh, yeah. There's no question about that. So there's a... How is that not a material issue of fact? Well, he didn't... That's a contract action. I mean, I think that would have to be in a contract action to say that he had a contract, whereas we say it belies reason to believe that they would buy a crane and just give it to him and say you can have it forever. You know, it's our crane. We can take it back if we want, and that is basically what happened, and he says basically you gave me a crane. You know, you made an agreement with me without a note, without any writing, and just gave me the crane just because I was seeing your daughter. Didn't he say he made the down payment and every payment on it? And he could keep all the income from the crane. He had it 637 days. Yeah, that's true. I mean, the reason I'm asking the question is not who would win at a trial, so to speak, but whether or not there was a material issue of fact which should have gone to trial. I don't think there is on conversion, and that's what he pled here. I don't believe that there is any material issue of fact on the issue of conversion. But you believe there's a material issue of fact with regard to the contract? If he had pled it, but he didn't. Well, I suppose there's a material issue of fact only because he just filed an affidavit saying they agreed to summon the crane. That's in his response to the motion for summary judgment. And my people disagree with that. And I think the facts show that that's pretty hard to believe. And I think four years and six complaints, the judge thinks it's time for the litigation to come to an end because it's going on a long time. So that's basically our position. Thank you. Counsel. I'd just like to state we believe there are issues of fact that still need to be determined. I'm frustrated, too, that this case has lasted as long as it has. I haven't done many of these cases in my career. I usually don't do this type of case. And I apologize. A few have been dismissed. I mean, five have been dismissed. And that's because there have been other defendants and there's some confusion on who the plaintiff was between Martin Vole and the crane guy. And I tried to straighten it all out, but I believe there is still some fundamental factual issues that we may lose, but they still need to be determined. Yes. Is there a jury demand on this case? The defendant made a jury demand. Okay. I mean, just as a practical matter, if this judge has been messing with this for four years and he's granted summary judgment, what do you think is going to happen in a bench trial? You don't have to answer that question, but it's just a practical matter that whether you prefer the guillotine or the death of a thousand cocks. I'm a judge, to be honest with you. I think Judge Schor would have found it against us. I think Judge Barrow might have found it in our favor. I mean, that's just my gut feeling on the case. I have nothing further. Does anybody else have a question? Thank you, counsel. Thank you. You know, again, seven days to file with the court, and you have seven days to respond to it. And that's only as to that one case that was not in your brief. Okay. All right. I can do that. Thanks. We'll take this case under advisement and render a decision with dispatch at this time.